De Souza v Hudson Yards Constr. II LLC (2024 NY Slip Op 05276)

De Souza v Hudson Yards Constr. II LLC

2024 NY Slip Op 05276

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 157354/19 Appeal No. 2883 Case No. 2023-03854 

[*1]Jose Carlos De Souza, Plaintiff-Respondent,
v
Hudson Yards Construction II LLC et al., Defendants-Appellants.

Wood Smith Henning & Berman LLP, New York (Margaret Mazlin of counsel), for appellants.
Law Office of Lawrence Perry Biondi, P.C., White Plains (Lisa M. Comeau of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 17, 2023, which granted plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff demonstrated prima facie entitlement to judgment on his Labor Law § 240(1) claim. Plaintiff submitted testimony and an affidavit from his coworker showing that he was injured when, while stripping concrete forms from a wall inside an elevator shaft, an unsecured plank on which he was standing shifted and caused him to fall. In opposition, defendants failed to raise an issue of fact. The accident report and medical forms on which defendants rely are inadmissible hearsay because defendants failed to show that the translation of the statements attributed to plaintiff were "provided by a competent, objective interpreter whose translation was accurate" (Nava-Juarez v Mosholu Fieldston Realty, LLC, 167 AD3d 511, 512 [1st Dept 2018] [internal quotation marks omitted]).
Plaintiff also demonstrated that he was not provided with adequate safety devices, both because of the lack of an overhead attachment point for his self-retracting lifeline, also known as a yo-yo (see e.g. Anderson v MSG Holdings, L.P., 146 AD3d 401, 402 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]), and the fact that the plank on which he was standing at the time of his accident was not secured (see e.g. Bisram v Long Is. Jewish Hosp., 116 AD3d 475, 476 [1st Dept 2014]). While defendants' expert opined that the yo-yo was designed to stop a fall within 24 to 54 inches, the expert ignored plaintiff's expert's opinion that the failure to provide an overhead attachment point prevented the line from engaging as designed, causing plaintiff to fall 10 to 12 feet. Plaintiff's testimony that the lifeline itself was not defective is of no moment, given that defendants did not provide an appropriate overhead attachment point, nor did defendants establish that a Doka System was available for plaintiff to use (see e.g. Yocum v United States Tennis Assn. Inc., 208 AD3d 1124, 1124-1125 [1st Dept 2022]). Defendants' argument that plaintiff was the sole proximate cause of his accident is without merit (see e.g. Martinez v Kingston 541, LLC, 210 AD3d 556, 556 [1st Dept 2022]).
In light of the grant of plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, we need not reach his Labor Law § 241(6) claim (see e.g. Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024